IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ERICK FLORES RIVERA,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 98-2320 (PG)
(CRIMINAL 90-0130 (PG)

RECEIVED & FILED
'00 MAR 24 AM 10:49
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

MAGISTRATE'S REPORT AND RECOMMENDATION

Petitioner was convicted on April 14, 1993, on one count of conspiracy to import cocaine and to possess cocaine with intent to distribute it, in violation of 21 U.S.C. § 846 and § 963 (count 2), and two counts of assaulting a federal officer with a deadly weapon, in violation of 18 U.S.C. § 111, (Counts 5 and 6) of a 34 count indictment. The jury acquitted Flores-Rivera on counts 3, 4, and 34, which charged importation of cocaine, possession of cocaine with intent to distribute, and use of a communication facility to commit a drug crime, in violation of 21 U.S.C. § 841(a)(1), § 843(b), § 952, respectively. The district court sentenced Flores Rivera to 324 months imprisonment, to be followed by a five-year term of supervised release.

On November 16, 1998, petitioner filed a **Motion To Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody** (Docket No. 2), pursuant to 28 U.S.C. § 2255.

Subsequently, he filed a supplemental memorandum in support of his section 2255 petition, on February 8, 1999. (Docket No. 4.) The government submitted a **Motion Requesting Summary Dismissal of Defendant's Allegations** (Docket No. 10) on November 22, 1999.

Petitioner alleges that it is possible the evidence presented at trial, pertaining to the cocaine seized was fabricated. He supports his claim of this "new evidence" was due to the fact that he obtained, through the Freedom of Information Act, a DEA form 6, which contains information of a videotaped destruction of 80 kilograms of cocaine on May 24, 1990. Petitioner alleges this was the destruction of the cocaine seized by the government in connection with the charges against him and therefore the cocaine presented in the trial against the defendant was fabricated. (Docket No. 3.)

The government contends these allegations should be set aside because this is not any "new evidence," but that defendant's legal counsel had requested and obtained a DEA form 6 during the discovery period of the trial (Docket No.10) and (Criminal Case No. 90-130, Docket No. 567). Furthermore, the government contends the court also ordered Special Agent Tejeda to go through the DEA form 6 and the 302 reports. (Docket No. 10 and Criminal Case No. 90-130, Docket No. 788.) Therefore defense counsel had enough time to raise any objections to the DEA form 6, which it failed to raise. Furthermore, the

government argues the defendant had an opportunity to address the DEA form 6 on appeal but failed to do so.

DESTRUCTION OF EVIDENCE

Plaintiff argues since the eighty (80) kilos of cocaine were destroyed his sentence should be vacated.

The Due Process Clause of the Fourteenth Amendment requires the state to disclose, to criminal defendants, favorable evidence that is material either to guilt or to punishment. California v. Trombetta, 467 U.S. 479, 480 (1984); United States v. Agurs, 427 U.S. 97, 106 (1976); Brady v. Maryland, 373 U.S. 83, 87 (1963).

Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness. We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense. To safeguard that right, the court has developed "what might loosely be called the area of constitutionally guaranteed access to evidence." California v. Trombetta, 467 U.S. at 485; United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982). Taken together, this group of constitutional privileges delivers exculpatory evidence into the hands of the accused, thereby protecting the innocent from erroneous

conviction and ensuring the integrity of our criminal justice system. California v. Trombetta, 467 U.S. at 485.

When needing to address the duty to take affirmative steps to preserve evidence on behalf of criminal defendants the courts have recognized that "Arizona v. Youngblood, 488 U.S. 51 (1988), and Trombetta govern cases in which the government no longer possesses the disputed evidence." United States v. Femia, 9 F.3d 990, 993 (1st Cir.), cert. denied, 516 U.S. 936 (1995).

Trombetta and Youngblood together established a tripartite test to determine whether a defendant's due process rights have been infringed by law enforcement's failure to preserve evidence. United States v. Femia, 9 F.3d at 993; see also Jones v. McCaughtry, 965 F.2d 473, 476-77 (7th Cir.), cert. denied, 506 U.S. 929 (1992); United States v. Rastelli, 870 F.2d 822, 833 (2nd Cir.), cert. denied, 493 U.S. 982 (1989). We apply Youngblood to evidence which no longer exists and Brady to exculpatory evidence in the government's possession. United States v. Femia, 9 F.3d at 994.

In Trombetta the Supreme Court established two hurdles the defendant must surpass to show a constitutional violation for missing evidence. United States v. Femia, 9 F.3d at 993, the court stated:

> Whatever duty the Constitution imposes of the States to preserve evidence, that duty must be limited to evidence that might be

> expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, . . . evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

United States v. Femia, 9 F.3d at 993; see also California v. Trombetta, 467 U.S. at 488-89.

In Youngblood, the Court later added a third element when it held that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of the law." Arizona v. Youngblood, 488 U.S. at 58; United States v. Femia, 9 F.3d at 993. Thus in missing evidence cases, the presence or absence of good or bad faith by the government will be dispositive. United States v. Femia, 9 F.3d at 994; see also United States v. Marshall, 109 F.3d 94, 98 (1st Cir. 1997); United States v. Clark, 980 F.2d 1143, 1147 (8th Cir. 1992). In the case at bar the petitioner fails to meet all three of the requirements, especially his requirement to show "bad faith on the part of the police." Large seizures of drugs present security considerations which understandably lead the government to destroy contraband as soon as possible, particularly contraband which has no exculpatory value whatsoever. The destruction is followed by a paper trail accessible to the defense. The government is never required to parade hundreds of pounds or tons of contraband before a jury to prove guilt beyond a reasonable doubt. This case is no different.

Petitioner had previously appealed his sentence. See United States v. Flores-Rivera, 56 F.3d 319 (1st Cir. 1995). His grounds on appeal were 1) sufficiency of the evidence; 2) severance; 3) errors in jury selection; 4) double jeopardy; 5) prosecutorial misconduct; 6) evidentiary matters; and 7) sentencing challenge. Petitioner never addressed the destruction of evidence matter in his direct appeal.

Title 28 U.S.C. § 2255, sets forth four grounds upon which a federal prisoner may base a claim for relief:

> (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack.

Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (quoting Hill v. United States, 368 U.S. 424, 426-27 (1962)).

The Supreme Court has narrowly confined the scope and availability of collateral attack for claims that do not allege constitutional or jurisdictional errors. Such claims are properly brought under section 2255 only if the claimed error is "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Knight v. United States, 37 F.3d at 772 (quoting Hill v. United States, 368 U.S. at 428).

The reason for so sharply limiting the availability of collateral attack for nonconstitutional, nonjurisdictional errors is that direct appeal provides criminal defendants with a regular and orderly avenue for correcting such errors. The Supreme Court has repeatedly emphasized that section 2255 is not a substitute for direct appeal. Knight v. United States, 37 F.3d at 772; see also United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Addonizio, 442 U.S. 178, 184-85 (1979); Sunal v. Large, 332 U.S. 174, 178 (1947).

Petitioner's claims in the case at bar do not meet to any of these requirements. Having bypassed his opportunity to raise these claims on direct appeal, he cannot raise them now on collateral attack. Knight v. United States, 37 F.3d at 774.

Because of the above mentioned reasons, I recommend that petitioner's motion be denied under section 2255.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474

U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 23rd day of March, 2000.

JUSTO ARENAS
United States Magistrate Judge

S/C: E. Flores
G. Vega 3-24-00